OPINION of the Court, by
Ch. J. Boyle.
This was a case brought before the circuit court by a traverse of an inquisition found against the plaintiff in a warrant for a forcible detainer.
On the trial it appeared that Weathers Smith in his lifetime bad leased the land in controversy to the defendant ; .that the plaintiff claimed the land as one of the coheirs of Smith, and that the other coparceners had executed a deed of release, with a clause of warranty from them and their heirs, but against no other person, to the plaintiff and her husband, who has since died, leaving by her several children.
On this case two points were made in the court below, and decided against the plaintiff, to wit: 1st, Can the plaintiff, without joining her husband’s children, maintain the warrant for a forcible detainer ? 2d, Is one of the coparceners w ho executed the deed of release a competent witness for the plaintiff?
í. Admitting that the release operated to transfer a joint estate in fee to the plaintiff and her husband, it would not follow that the heirs of the latter could join in the suit with the plaintiff: for as she claims, so far as her right is derived from the deed, by purchase, and they by descent, they must be tenants in common, and not joint tenants with her; and regularly tenants in common cannot join in a .suit to recover the possession of land. But it is only for the sake of argument, that it can be admitted that the deed of release from the other coparceners to the plaintiff and her husband transfers a joint estate in fee to them : for a release to enure by way of passing an estate, or rmiter V estate, it is necessary that there should be a privity betw een the releasor and releasee; “ that is, (as Blackstone observes) one of their estates must be so related to the other as to make but one estate in law.” — 2 Black. Com. 329.
Now although the privity required to pass an estate exists in this case between the other coparceners and the plaintiff, it is plain that there is no such privity between them and her husband; consequently the release* though it enured to pass an estate to her, passed nothing to her husband. The court below, therefore, erred in deciding the first point against the plaintiff.
prels warranty. in a deed of Cties have >e' courfe ¡o eách other ¡n case eviction, airho’ there is no ex*
2. We are also of opinion that the second point should have been decided for the plaintiff.
In a deed of partition, where there is no express warranty, tile parties are bound in case of ev iction of either ^'0,n sl|;u'e to restore a part of the residue of the es-tate j but we do not consider the deed in this case as a of partition, because it is only executed by the coparceners to the plaintiff for her share, and con-i i ' tains no transfer front her to them, or from them to each other, of their shares of their ancestor’s estate respectively, as we apprehend a deed of partition ought to do. But considering it as a deed of partition, yet as there is an express covenant of warranty limiting the responsibility of the parties who executed it, their responsibility cannot be extended farther by a warranty implied by law.
The judgment must he reversed with costs, and the cause remanded for new proceedings to be had not inconsistent with the foregoing opinion.